### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. JAMES WARREN,<br>    individually and on behalf of others<br>    similarly situated,<br><br>              Plaintiff.<br>v.<br>1. WESTERN TRANSPORTATION, INC.,<br>2. SANDFORD OIL COMPANY, INC.,<br>              Defendant. | Case No. CIV-14- 805-D<br><br>JURY TRIAL DEMANDED<br>ATTORNEY LIEN CLAIMED |

## COMPLAINT

**COMES NOW THE PLAINTIFF** and hereby pleads his claims a follows:

## PARTIES

1. The Plaintiff is James Warren, an adult resident of Oklahoma County, individually and on behalf of others similarly situated.

2. The Defendants are Western Transportation, Inc. (hereinafter "Defendant Western") and Sandford Oil Company, Inc. (hereinafter "Defendant Sandford"), both companies doing business in Pottawatomie County, Oklahoma.

## JURISDICTION AND VENUE

3. Plaintiff's claims are for failure to pay wages, including overtime compensation in violation of the Fair Labor Standards Act as set out in 29 U.S.C. § 206, 215, *inter alia*, and Oklahoma's Protection of Labor Act as set out in 40 O.S. §165.1, *et seq*. Jurisdiction over the federal claims is vested in this Court under 29 U.S.C. § 216 and 28 U.S.C. § 1331.  Plaintiff also asserts claims for wrongful termination (in the form of constructive discharge) in violation of clearly established Oklahoma public policy as set out at 47 O.S. § 11-801, 901, *et seq*.

4. Many of the actions complained of occurred in Pottawatomie County, Oklahoma and the Defendant may be served in that county.  Defendants' business office is located in Pottawatomie County, and they house their trucks and other equipment in

Pottawatomie County. Pottawatomie County is within the Western District of the United States District Courts for Oklahoma wherefore venue is proper in this Court under 28 U.S.C. § 1391(b). Because the state law claims arise out of the same core of facts, jurisdiction is vested over those claims under 28 U.S.C. § 1367(a).

## STATEMENT OF FACTS

5. Plaintiff's pay stubs and W-2 forms reflect that he was employed by Western Transportation, Inc. Plaintiff's uniforms, employment forms and other documents reflect that he was employed by Defendant Sandford, and Plaintiff was told that he was employed by Defendant Sandford. Defendants Western and Sandford constitute a single employer or integrated enterprise such that both defendants are jointly liable for the claims herein.

6. The Defendants are companies who service and maintain fuel terminal facilities. They also provide fuel and transportation service capabilities to fuel frac equipment.

7. Defendants are headquartered in Louisiana and operate in several states including Texas, Oklahoma, Kansas, New Mexico and Louisiana.

8. Defendants operate about seven well sites at a time in the Oklahoma area. Defendants charge its customers about $75 per hour per truck for fueling the customers' equipment. There are approximately four trucks on each of Defendants' work sites, approximately sixteen hours per day, at least 300 days per year such that Defendants' annual gross receipts exceed Five Hundred Thousand dollars ($500,000.00).

9. For at least the reasons set out in Paras. 6-8, Defendants are both covered employers for the purposes of the FLSA.

10. Plaintiff was employed by the Defendants under the title of Fuel Tech from around January 6, 2013 until around January 24, 2014.

11. Plaintiff's job duties consisted of fueling equipment for customers on the frac site.

12. During each week of Plaintiff's employment he worked on average about sixty-five

hours per week.

13. Plaintiff was entitled to overtime wages for the hours he worked over forty each work-week.

14. Defendants failed to pay Plaintiff overtime wages for those hours he worked exceeding forty hours per work-week.

15. Other Fuel Techs also worked over forty hours per work-week, but were not paid overtime wages.

16. Approximately fifty to seventy Fuel Techs worked at the same location as the Plaintiff and these employees worked more than forty hours, but were not paid overtime wages.

17. Plaintiff reported the failure to pay overtime to several supervisors, including John Jacobs, Tony Culture, Barnell Smith and Gary Reigns.[1] Plaintiff reported that he believed it was unlawful to not pay him and other employees overtime wages.

18. In addition the Defendants made unlawful deductions to the wages of the Plaintiff and others. For instance, Defendants deducted the wages of the Plaintiff and others because one of the employees allowed fuel to run out of the customer's equipment. Such deduction was made after the wages were earned by the employees and were for disciplinary purposes, which is an illegal deduction under the FLSA.

19. During the last few weeks of Plaintiff Warren's employment the Defendants required him to work about seventy hours per week and to operate heavy equipment and drive vehicles while he was tired and when performing such job duties created a safety risk for the Plaintiff.

20. Plaintiff complained about the hours he was required to work and told his supervisors, including John Jacobs, that requiring Plaintiff to work so many hours while Plaintiff was operating dangerous equipment and driving, created unsafe

---

[1] Spelling is approximate to the best of Plaintiff's knowledge at this time.

working conditions and was illegal. Nonetheless, the Defendant continued to require Plaintiff to work under unsafe conditions, which posed a safety risk to the Plaintiff and others.

21. Plaintiff was constructively discharged around January 24, 2014 after he refused to work under unsafe conditions by working excessive hours each week and operating dangerous equipment under unsafe conditions in addition to a refusal to continue working without receiving the compensation to which he was legally entitled.

22. As a direct result of his termination the Plaintiff has suffered, and continues to suffer, unpaid wages (including back, present and front pay and the value of benefits associated with such wages), and emotional distress including frustration, worry, sadness and other similar, unpleasant emotions.

## **COUNT I**

Plaintiff incorporates the allegation above and further states:

23. Retaliation including termination in the form of constructive discharge is contrary to Oklahoma's clearly established public policy as set out in various laws and regulations by requiring Plaintiff and other employees to drive under unsafe conditions contrary to 47 O.S. § 11-801 and 47 O.S. § 11-901.

24. By refusing to engage in such actions, Plaintiff was exercising a personal right and privilege, to wit: the right to refuse to engage in an unlawful act which would subject Plaintiff to personal civil and criminal liabilities.

25. Under this count Plaintiff is entitled to recover for all actual damages suffered, including lost wages and emotional distress damages.

26. Because the actions of the Defendants were willful, malicious or, at the least, in reckless disregard for Plaintiff's rights, he is entitled to an award of punitive damages under Oklahoma law.

Case 5:14-cv-00805-D Document 1 Filed 07/30/14 Page 5 of 7

## COUNT II

Plaintiff incorporates the allegation above and further states:

27. Retaliatory termination for Plaintiff's complaints of Defendants' failure to pay wages is prohibited by the FLSA and by Oklahoma's clearly established public policy. Such policy is set out in ***Reynolds v. Avance Alarms, Inc.***, 232 P.3d 907, 2009 OK 97 and 40 O.S. 165.1, *et seq*. (requiring payment of wages but providing no remedy for retaliatory termination).

28. Under this Count, Plaintiff is entitled to his lost earnings (including back, present and future as well as the value of benefits associated with such earnings), attorney fees and costs, and compensation for his dignitary harm damages. Plaintiff is entitled to liquidated damages under the FLSA and punitive damages under the public policy claim because Defendants' actions were willful, malicious or, at the least, in reckless disregard for Plaintiff's rights.

## COUNT III

Plaintiff incorporates the allegations above and further states:

29. Failure to pay wages (including overtime wages) is a violation of 29 U.S.C. § 206, 207, *et seq*. and Oklahoma's Protection of Labor Act which requires payment of wages within eleven (11) days of an employee earning such wages.

30. Under the FLSA and Oklahoma's wage laws, Plaintiff is entitled to his unpaid wages, prejudgment interest, attorney fees and costs. Under Oklahoma law, Plaintiff is entitled to a 2% per day liquidated damages award not to exceed 100% of the unpaid wages for each day, and such wages and overtime were unpaid after the pay period in which they should have been paid. Because the actions of the Defendants were willful, Plaintiff is entitled to liquidated damages under the FLSA in an amount equal to the unpaid wages and overtime. Plaintiff does not seek a double recovery. Plaintiff is also entitled to recover attorney fees and costs.

31. Employees, including the Plaintiff, were subjected to the Defendant's illegal policy

and/or practice of failing to pay overtime compensation to which the employees were legally entitled and illegal deductions and set-offs.

32. Plaintiff and other similarly situated are entitled under FLSA and Oklahoma's wage laws to their unpaid wages, liquidated damages, prejudgment interest, attorney fees and costs. Under Oklahoma law, Plaintiff is entitled to a 2% per day liquidated damages award not to exceed 100% of the unpaid wages for each day such wages and overtime were unpaid, after the pay period in which they should have been paid. Because the actions of Defendant were willful, Plaintiff and others similarly situated are entitled to liquidated damages under the FLSA in an amount equal to the unpaid wages. Plaintiff and the other class members are also entitled to recover attorney fees and costs.

33. Because Plaintiff's injuries arise from an unlawful practice, Plaintiff should, upon discovery of the identity of the similarly treated employees, be entitled to a certification of a class of injured employees entitled to such relief. There are approximately, to Plaintiff's knowledge, fifty to seventy employees who would be subject to the same unlawful practice and who would have suffered the same injury with the only distinction being the amount of injury each suffered.

34. The class is specifically knowable and defined as it consists of current and former employees of the Defendant that were not paid their wages in accordance with the FLSA or Oklahoma's Protection of Labor Act.

35. The class is sufficiently numerous that it is impractical to name each member of the class individually and such that a class action is most economical, expeditious and just way of managing this claim.

36. There are questions of law or fact common to the class, including:
    A. Whether the failure to pay overtime wages constituted illegal failure to pay wages under the FLSA;
    B. Whether the deductions from the employees' wages constituted illegal

deductions under the FLSA; and

C. Whether the deductions from the employees' wages constituted illegal deductions under the OPLA;

37. Plaintiff James Warren, as the class representative, shares the same questions of law and fact with other class members and will fairly and adequately protect the interests of the class.

38. The only factual matter different between the collective plaintiffs would be the amount of wages lost and damages owed.

**WHEREFORE,** Plaintiff prays that he be granted judgment in his favor and against the Defendants on all of his claims and that this Court grants the Plaintiff all available compensatory damages, punitive damages, liquidated damages, pre- and post-judgment interest, costs, attorney fees and any other legal or equitable relief allowed by law.

**RESPECTFULLY SUBMITTED THIS 30th DAY OF JULY, 2014**.

    HAMMONS, GOWENS & HURST

    s/Amber L. Hurst
    Mark Hammons, OBA No. 3784
    Amber L. Hurst OBA No. 21231
    Hammons, Gowens, Hurst & Associates
    325 Dean A. McGee Avenue
    Oklahoma City, Oklahoma 73102
    Telephone:  (405) 235-6100
    Facsimile:  (405) 235-6111
    Email: Amberh@hammonslaw.com
          Mark@hammonslaw.com
    JURY TRIAL DEMANDED
    ATTORNEY LIEN CLAIMED
    *Counsel for Plaintiff*